FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT** DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 JUN -1 P 4: 29

| | | |
|---|---|---|
| **NATIONAL ELECTRICAL BENEFIT** | * | CLERK'S OFFICE |
| **FUND,** | * | AT GREENBELT |
| | | BY_____DEPUTY |
| **Plaintiff,** | * | |
| | | **Case No.: GJH-15-2659** |
| **v.** | * | |
| | | |
| **DONALD A. PUSEY, INC.,** | * | |
| | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Pending before the Court is Plaintiff National Electrical Benefit Fund's ("NEBF")

Motion for Default Judgment against Donald A. Pusey, Inc. ("Pusey"). ECF No. 6. In its Motion

for Default Judgment, NEBF is seeking "$2,035.38 in delinquent contributions; interest in the

amount of $679.72; liquidated damages in the amount of $407.08; attorney's fees and costs in

the amount of $992.80, audit fees in the amount of $366.93, plus any additional fees and costs

incurred by NEBF in connection with the enforcement of a judgment; and interest on all amounts

awarded." ECF No. 1 ¶ 8. Pusey has not filed a response and the deadline for a response elapsed

on October 14, 2015. *See* Loc. R. 105.2(a) (D. Md. 2014). A hearing is unnecessary. Loc. R.

105.6. For the reasons stated below, Plaintiff's motion for default judgment is GRANTED, in

part, and DENIED, in part.

### I.      BACKGROUND

Plaintiff NEBF is a multiemployer "employee pension benefit plan," as defined by 29

U.S.C. § 1002(2), established pursuant to an agreement between the International Brotherhood of

Electrical Workers and the National Electrical Contractors Association. ECF No. 1 ¶ 4.

Defendant Pusey is an "employer," as that term is defined by 29 U.S.C. § 1002(5), contracted to

submit contributions to NEBF. ECF No. 1 ¶ 5. Pursuant to the collective bargaining agreements

("Bargaining Agreements") signed by NEBF and Pusey, Pusey was obligated to submit

contributions to the NEBF on behalf of Pusey's employees covered by the Bargaining

Agreements. ECF No. 1 ¶ 6. Pusey is also bound to the terms and conditions of the Restated

Employees Benefit Agreement and Trust for NEBF ("Trust Agreement"). ECF No. 1 ¶ 7.

Pusey failed to pay NEBF $2,035.38 for work performed by Pusey's employees between

March 1, 2012 and December 31, 2013. ECF No. 1 ¶ 9. The Employees Benefit Agreement

authorizes the Trustees to recover delinquent contributions, including recovering "interest on the

delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an

amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees

and audit expenses, incurred in collecting the delinquency." ECF No. 1 ¶ 15.

On September 9, 2015, NEBF filed this Complaint under the Employee Retirement

Income Security Act of 1974, as amended, ("ERISA") to collect delinquent contributions owed

to NEBF by Pusey. ECF No. 1 ¶ 1. Although the Court's docket reflects that the Summons was

not returned executed until November 4, 2015, the affidavit of service indicates that the

Summons was served on September 23, 2015, which means Pusey's answer was due on October

14, 2015. *See* ECF No. 4. Pusey failed to answer the Complaint, and the Clerk filed an Entry of

Default on November 24, 2015. ECF No. 7.

In its Default Judgment, NEBF is seeking "$2,035.38 in delinquent contributions; interest

in the amount of $679.72; liquidated damages in the amount of $407.08; attorney's fees and

costs in the amount of $992.80, audit fees in the amount of $366.93, plus any additional fees and

2

costs incurred by NEBF in connection with the enforcement of a judgment; and interest on all amounts awarded." ECF No. 1 ¶ 8. NEBF submitted an affidavit in support of its Complaint. ECF No. 6-2.

On April 7, 2016, the Court ordered Plaintiff to supplement its Motion for Default Judgment with the relevant portions of the Bargaining Agreement, Trust Agreement, and Audit, as well as an affidavit demonstrating that Ms. Hawkins attorney's fees are consistent with the Local Rules. ECF No. 8. Plaintiff complied with the Court's Order by providing the requested documents, ECF Nos. 9-1 to 9-6, and filing an Affidavit of Counsel that informs the Court that Ms. Hawkins, who has been a licensed attorney for twenty-two years and admitted to this Court on January 6, 1997, charged a rate of $369 per hour in this litigation. ECF No. 9 ¶¶ 6–8.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure ("Rule") 55(a), the Clerk must enter a party's default upon "a showing that a party against whom judgment is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Clerk may enter a default judgment against a defendant who is "neither a minor nor an incompetent person" if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). After the Clerk has entered a default, the Plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011). The Fourth Circuit has a strong policy that cases be decided on the merits, but "default judgment is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (citation and quotation marks omitted). Whether a plaintiff is entitled to entry of a default judgment is left to the discretion of the Court. *Choice Hotels Int'l v. Savannah Shakti Corp.*, DKC-11-0438, 2011 U.S. Dist. LEXIS 123162, at *2 (D. Md. Oct. 25, 2011).

In considering a motion for default judgment, the Court "takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages." *Choice Hotels Int'l. Inc. v. Vishal, Inc.*, No. PWG-13-2078, 2014 U.S. Dist. LEXIS 160347, at * 6 (D. Md. Nov. 14, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). "If the Court finds that 'liability is established, it must then determine the appropriate amount of damages.'" *Id.* at *7. Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, Plaintiff seeks damages based on Defendant being delinquent under 29 U.S.C. § 1145. Under 29 U.S.C. § 1145, Pusey is obligated to make contributions to NEBF in accordance with the terms and conditions of the Bargaining Agreements. 29 U.S.C. § 1145 (2012) ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). When an employer fails to make the obligated contributions, a fiduciary of a multiemployer plan may enforce the provisions of ERISA and the terms of the Bargaining Agreements through a civil action. 29 U.S.C. § 1132(a)(3) ("A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan . . . ."). In any action by a fiduciary on behalf of a plan to enforce 29 U.S.C. § 1145 in which a judgment in favor of the plan is awarded, the Court shall award the plan:

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,
    (C) an amount equal to the greater of—
        (i)      interest on the unpaid contributions, or

4

> > (ii)     liquidated damages provided for under the plan in an amount not in
> > excess of 20 percent (or such higher percentage as may be permitted
> > under Federal or State law) of the amount determined by the court
> > under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant,
> and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Accepting as true Plaintiff's well-pleaded allegations and supporting

documents, the Court finds that Plaintiff has proven that Defendant was legally and contractually

obligated to make contributions to Plaintiff and that Defendant failed to do so.

NEBF is seeking "$2,035.38 in delinquent contributions; interest in the amount of

$679.72; liquidated damages in the amount of $407.08; attorney's fees and costs in the amount

of $992.80,[1] audit fees in the amount of $366.93, plus any additional fees and costs incurred by

NEBF in connection with the enforcement of a judgment; and interest on all amounts awarded."

ECF No. 1 ¶ 8. The amount sought for delinquent contributions is consistent with the Complaint,

ECF No. 1 ¶ 9, and supported by an affidavit establishing the amounts owed, ECF No. 6-2 at 1,

as is the request for interest, liquidated damages of $407.08, attorney's fees, and the audit

expense of $366.93, ECF No. 1 ¶¶ 15–18. The Court finds that the legal fee is consistent with the

Court's guidelines in the Local Rules. [2] However, Plaintiff's request for liquidated damages will

be denied. Under 29 U.S.C. § 1132(g)(2), the Court shall award the greater of interest on unpaid

contributions *or* liquidated damages. 29 U.S.C. § 1145(g)(2). Based on calculations provided by

the Plaintiff, the interest on the unpaid contributions is greater. Accordingly, the Court will order

the payment of interest instead of liquidated damages.

---

[1] This total includes $442.80 due to Jennifer Bush Hawkins at a rate of $369 per hour, a $400.00 filing fee, and a
$150.00 fee for process server. ECF No. 6-1 at 2.

[2] In the Complaint, the interest was lower and the attorney's fees were unspecified, but the Court finds that this is
reasonable given the passage of time and additional work.

### III.   CONCLUSION

For the reasons discussed, Plaintiff's Request for Judgment by Default (ECF No. 6) is GRANTED, in part, and DENIED, in part. Defendant is ORDERED to pay Plaintiff: $2,035.38 in delinquent contributions; interest in the amount of $679.72; attorney's fees and costs in the amount of $992.80; audit fees in the amount of $366.93; any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; interest on all amounts awarded; and, post-judgment interest until paid. A separate Order follows.

Date: June ___, 2016

GEORGE J. HAZEL
United States District Judge