IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-2659 |
| DONALD A. PUSEY, INC., | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff National Electrical Benefit Fund's ("NEBF") Motion to Amend Judgment, ECF No. 12. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion is granted.

In its Memorandum Opinion regarding Plaintiff's Motion for Default Judgment, this Court found Defendant Donald A. Pusey, Inc. liable for its failure to submit contributions to NEBF that it was "legally and contractually obligated to make." *Nat'l Elec. Benefit Fund v. Donald A. Pusey, Inc.*, No. GJH-15-2659, 2016 WL 3129112, at *3 (D. Md. June 1, 2016). Plaintiff was therefore awarded "$2,035.38 in delinquent contributions; interest in the amount of $679.72; attorney's fees and costs in the amount of $992.80; audit fees in the amount of $366.93; any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; interest on all amounts awarded; and, post-judgment interest until paid." *Id.* Now, in their Motion to Amend Judgment, Plaintiff asks for an additional award of $407.08 in liquidated damages. ECF No. 12 ¶ 8.

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. The Fourth Circuit has recognized three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Plaintiff claims here that the Court previously made an error of law. Plaintiff is correct.

In an action to enforce the payment of delinquent contributions under ERISA, 29 U.S.C. § 1132(g), a successful Plaintiff shall be awarded:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Generally speaking, the first two categories of relief are similar to damages awarded in a breach of contract case, which seek to put the injured party in "as good a

position as he would have been in had the contract been performed," by awarding the Plaintiff unpaid contributions and any interest that would have accrued on them. Restatement (Second) of Contracts § 344 cmt. a (Am. Law Inst. 1981). The third category seeks to deter the Defendant from making delinquent contributions in the future by ordering an *additional* award of either the interest on the unpaid contributions or liquidated damages not in excess of 20 percent, whichever amount is greater. *See Vernau v. Bowen Enterprises, Inc.*, 648 F. Supp. 721, 724–25 (W.D. Pa. 1986)(noting both the deterrent purpose of the provision and that the elements are "phrased in the disjunctive."). In its prior opinion, the Court conflated the categories of relief, awarding Plaintiff only enough to put it in as good a position as it would have been in had the Defendant paid its required contributions, but failed to award the third category of additional, deterrent relief.

Plaintiff is therefore correct that it is owed additional damages. In both its Motion to Amend Judgment and its Complaint, Plaintiff requests $407.08 in liquidated damages. ECF No. 1 ¶ 17; ECF No. 12 ¶ 8. The Court notes that this is less than they would be entitled to under ERISA since the amount of interest on the unpaid contributions, $635.05, is greater than the amount of liquidated damages, $407.08. 29 U.S.C. § 1132(g)(2)(C). The Court assumes that Plaintiff is requesting the lesser amount under the belief that they were limited by the language in the NEBF trust agreement, which discusses a liquidated damages award of "up to twenty percent (20%) of the amount found to be delinquent," ECF No. 9-1 at 7,[1] but does not include any reference to an alternate award of additional interest. The Court will not opine on whether the contract could limit recovery otherwise available under ERISA, but notes that the Court is limited in the amount of damages it may award in a default judgment by Rule 54(c). Under that

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

rule, the award may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Thus, since Plaintiff only sought liquidated damages in the amount of $407.08 in their Complaint, they would not be entitled to receive an award that would exceed that amount. ECF No. 1 ¶ 17.

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Amend Judgment, ECF No. 12, is **GRANTED**.

The Order, ECF No. 11, is thus modified to include an additional award of liquidated damages in the amount of $407.08.

Date: October 16, 2016

GEORGE J. HAZEL
United States District Judge